ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2016-Dec-06 14:08:21
04CV-16-1807
C19WD01 : 52 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

MARIBEL GOMEZ )
)
and )
)
JOSE GOMEZ )
)
PLAINTIFFS )
) CASE NO. CV- *16-1807*
v. )
) **JURY TRIAL DEMANDED**
TRANSPORT SERVICE, LLC )
)
and )
)
JESSE J. KERLEY )
)
DEFENDANTS )

---

## COMPLAINT

COMES NOW the Plaintiffs, Maribel Gomez and Jose Gomez, by and through their undersigned counsel, Lucas Law Firm, PLLC, and for their Complaint state as follows, to-wit:

### INTRODUCTION

1.     This is an action for personal injury, ordinary negligence, negligent hiring, negligent training, negligent supervision, negligent retention and punitive damages, stemming from a collision occurring on October 1, 2015, in Siloam Springs, Benton County, Arkansas.

1

## RESIDENCY AND PARTIES

2.      The Plaintiffs, Maribel Gomez and Jose Gomez, were at all relevant times citizens and residents of Benton County, Arkansas.

3.      The Defendant, Transport Service, LLC, is a limited liability company with its principal place of business at 4366 Mt. Pleasant St., NW North, Canton, OH 44720.  Transport Service, LLC (hereinafter "Transport"), may be served through its registered agent for service of process, C T Corporation System, at 208 South LaSalle Street Suite 814, Chicago, IL 60604.

4.      The driver of the Transport tractor-trailer involved in the collision giving rise to this Complaint was the Defendant, Jesse Kerley (hereinafter "Kerley").  Kerley was at all relevant times a citizen and resident of Millington, Shelby County, Tennessee; and resided at 9185 Renter, Millington, TN 38053, at the time this collision occurred.

5.      At the time of the collision giving rise to this action, Kerley was an agent, servant, and/or employee of Defendant Transport.

6.      At the time of the collision giving rise to this action, Kerley was acting within the scope of his agency and/or employment, and under the control of separate Defendant Transport.

7.      As a result of the relationship between Kerley and Defendant Transport, all alleged acts, omissions, negligence, and recklessness of Kerley set forth in this Complaint are imputed to Transport under the doctrine of *respondeat superior*.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which states that the circuit courts shall have original jurisdiction over all actions and proceedings for the enforcement of civil rights or the redress of civil grievances, except when exclusive

2

jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

9.      Venue is proper pursuant to Ark. Code Ann. § 16-60-112(a), which states that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the incident or in the county in which an individual defendant resided at the time of the injury. In this case, the county where the accident occurred is Benton County.

## FACTS

10.      Prior to October 1, 2015, Transport hired Kerley to drive and operate one of its tractor-trailers.

11.      On October 1, 2015, at approximately 1:24 p.m., Kerley was driving the tractor-trailer east on West US Highway 412 in Siloam Springs, Arkansas, approaching the entrance to a Quality Inn.

12.      Conditions were clear as it was daylight.

13.      The Plaintiff, Maribel Gomez (hereinafter "Plaintiff"), was driving her 2000 Ford Taurus traveling eastward on West US Highway 412 in Siloam Springs, Arkansas.

14.      Kerley attempted to make a right turn into the Quality Inn from West US Highway 412 and failed to keep a proper lookout for traffic. He turned across the path of Plaintiff's vehicle.

15.      The front passenger's side of Kerley's tractor-trailer violently struck the driver's side of Plaintiff's vehicle. The force of the impact knocked Plaintiff's vehicle through a ditch on

3

the side of the road into the parking lot of Spring Creek Village. Plaintiff's vehicle was rendered disabled.

16.     Plaintiff did not in any way contribute to the cause of the collision.


## COUNT I – ORDINARY NEGLIGENCE

17.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

18.     At the time of impact, the ordinary negligence of Defendants Kerley and Transport included, but was not limited to:

> a.  Kerley, along with Transport, by and through the theory of *respondeat superior*, was driving in such a careless manner as to evidence a failure to keep a proper lookout in violation of Ark. Code Ann. § 27-51-104(a);
>
> b.  Kerley, along with Transport, by and through the theory of *respondeat superior*, failed to yield the right-of-way;
>
> c.  Kerley, along with Transport, by and through the theory of *respondeat superior*, engaged in careless and prohibited driving;
>
> d.  Kerley, along with Transport, by and through the theory of *respondeat superior*, was driving in such a careless manner as to evidence a failure to maintain proper control;
>
> e.  Kerley, along with Transport, by and through the theory of *respondeat superior*, failed to operate a commercial vehicle in accordance with the applicable laws and regulations in violation of Title 49, Code of Federal Motor Carrier Regulations, § 392.2.

4

f. Kerley, along with Transport, by and through the theory of *respondeat superior*, failed to drive in an attentive manner and such inattention was not reasonable and prudent in maintaining vehicle control.

19.    The US Department of Transportation's Federal Motor Carrier Safety Administration (hereinafter "FMCSA") lists on its website that Transport Service, LLC, (U.S. DOT # 076483) has had 987 vehicle maintenance violations, 177 unsafe driving violations and vehicles involved in 85 crashes over the past six (6) years.  Defendant Transport has further had 167 driver inspections with unsafe driving violations.  A printout of the SMS information is attached hereto as Exhibit "A".

20.    This ordinary negligence was a proximate cause of the injuries of Plaintiff and the damages set forth below.

## COUNT II – NEGLIGENT HIRING

21.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

22.    Transport had a duty to have adequate policies and procedures in place to ensure it hired trained, qualified, and competent drivers.

23.    Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers who were neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle.

## COUNT III – NEGLIGENT TRAINING

24.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

25. Transport had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently trained its drivers.

26. Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers who were not qualified and competent to perform the duties of driving and maintaining a commercial vehicle.

27. Specifically, the facts of this incident as described above demonstrate that Kerley was not trained in how to properly maintain control of his tractor-trailer nor trained in how to properly follow the rules of the road.

28. Transport's negligence in failing to properly train personnel was a proximate cause of the injuries to Plaintiff and the damages set forth below.

## COUNT IV – NEGLIGENT SUPERVISION

29. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

30. Transport had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised qualified and competent drivers.

31. Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of its drivers.

32. The failure of Transport supervisors to correct and properly maintain the vehicle and/or driver violations related to Kerley is negligence.

33. Transport's negligence in failing to properly supervise Kerley was a proximate cause of the injuries to Plaintiff and the damages set forth below.

6

## COUNT V – NEGLIGENT RETENTION

34.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

35.     Transport had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained qualified and competent drivers.

36.     Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the retention of unqualified and/or incompetent drivers.

37.     Transport's negligence in retaining Kerley was a proximate cause of the injuries to Plaintiff and the damages set forth below.

## PUNITIVE DAMAGES

38.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

39.     Defendants Transport and Kerley knew, or should have known, that their negligent conduct would naturally and probably result in a vehicle malfunction, crash and/or injuries and they continued such conduct in reckless disregard of the consequences from which malice may be inferred and punitive damages assessed.

## DAMAGES

40.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

41.     Plaintiff suffered physical injuries as a result of the negligence of Kerley and Transport.

42.   Plaintiff lost the use of her vehicle for approximately six weeks, and suffered a diminution in the value of the same. Also, Plaintiff was not provided a rental vehicle, which required her to obtain transportation from friends and family in order to travel to the grocery store in Siloam Springs, Arkansas, and to and from other locations she normally needed to travel to in order to care for the daily needs of her family.

43.   Plaintiff was forced to endure excruciating pain and suffering as a result of the negligence of Kerley and Transport.

44.   Plaintiff's quality of life was harmed due to her physical pain and her limited ability to drive or perform household tasks or take care of her family.

45.   Plaintiff is entitled to recover the following damages:

     a.   Plaintiff's bodily injuries;

     b.   Plaintiff's loss of enjoyment of life;

     c.   Pecuniary damages sustained by Plaintiff;

     d.   All other damages afforded under Arkansas law or deemed applicable by the Arkansas Model Jury Instructions or the Court.

46.   As a proximate result of the negligent acts and/or omissions of the Defendants set forth herein, Plaintiff Jose Gomez has sustained a loss of the services, society, companionship, and marriage relationship of his wife, Maribel Gomez.

## JURY TRIAL DEMANDED

47.   Plaintiffs demand a trial by jury.

48.   Plaintiffs seek judgment in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases.

49.    Plaintiffs reserve the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damage claims as discovery develops.

WHEREFORE, premises considered, Plaintiffs prays for judgment against the Defendants in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, the exact amount to be determined by a jury, for punitive damages, for attorneys' fees and costs of this litigation, and for all other relief to which the Plaintiffs may be entitled.

Dated this _6th_ day of December, 2016.

Respectfully submitted,

MARIBEL GOMEZ and
JOSE GOMEZ, PLAINTIFFS

BY: _____
Mark C. Lucas Jr.
Lucas Law Firm, PLLC
417 W. Centerton Blvd.
P.O. Box 618
Centerton, AR  72719
Telephone:  479.372.1777
Facsimile: 479.308.0278
ABA# 2016065
mark@lucaslawofnwa.com

Attorney for Plaintiffs